Maria INFANTE, Plaintiff–Appellant,

v.

AMBAC FINANCIAL GROUP, Defendant–Appellee.

No. 06–0576–cv.

United States Court of Appeals, Second Circuit.

Dec. 14, 2007.

Jason Bernbach (Jeffrey M. Bernbach, on the brief) Bernbach Law Firm, PLLC, White Plains, NY, for Appellant.

Bettina B. Plevan (Melissa A. Holder, on the brief) Proskauer Rose LLP, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Maria Infante appeals from a judgment and order of the Southern District of New York (Wood, *C.J.* ) entered on January 9, 2006, granting summary judgment in favor of Ambac Financial Group.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. In a nutshell, Infante took maternity leave from her job at Ambac; due to health complications, she extended her leave five times but remained employed pursuant to Ambac's short-term disability leave plan. When Infante was medically cleared to return to work, Ambac did not reinstate her. Infante alleges that this adverse employment action was based on sex and pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.,* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101, *et seq.*

We review *de novo* the district court's grant of summary judgment. *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Maguire,* 147 F.3d at 235. Summary judgment is appropriate only where "there is no genuine issue as to any

material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Infante's Title VII claims are governed by the familiar three-part burden shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The same standards apply to Infante's state and city claims. *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 n. 1 (2d Cir.2000).

Having reviewed the undisputed record, we conclude that Infante fails to create an issue of fact that merits sending this case to the jury. Even assuming, *arguendo,* that Infante makes out a *prima facie* case of discrimination, she fails to present sufficient evidence to rebut Ambac's legitimate, non-discriminatory reason for its decision. *See McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817.

Ambac avers that it could not rely on the possibility of Infante's return from her leave because she had repeatedly extended her anticipated dates of return—sometimes on one or two business days' notice. Ambac thus faced uncertainty about when, if ever, Infante would return, as well as the increasing work demands of Infante's former accounting unit. After Infante had extended her return date by more than six weeks, Ambac decided to interview replacements. As of that time, Infante's leave of absence was outside the scope of the twelve-week job protection provided by the Family and Medical Leave Act, 29 U.S.C. § 2612 ("FMLA"). Ambac's short-term disability leave policy contains no similar job protection provision. So Am-. bac was under no legal or contractual obligation to hold Infante's job open for her, and was entitled to interview (and hire) replacement candidates whom it deemed more qualified for the role.

Infante makes no showing sufficient to rebut Ambac's legitimate justification for replacing her. Contrary to Infante's contention, there is no evidence that Ambac's actions violated company policy. When Ambac agreed to interview Infante for alternative positions (after her leave of absence), Infante was asked several questions that, according to her, evidence discriminatory intent. Infante also questions the business logic behind Ambac's decision to replace her despite her expressed willingness to return to her job before a suitable replacement had been identified.

Viewing this evidence in the light most favorable to Infante, we conclude that it is insufficient to send this case to a jury. The questions Infante was asked during her interviews were incidental and did not evince a direct link between gender stereotypes and Ambac's rejection of Infante for the positions. *Cf. Back v. Hastings On Hudson Union Free Sch. Dist.,* 365 F.3d 107, 125 n. 12 (2d Cir.2004). We agree with the District Court that Infante's allegations concerning the logic of Ambac's business decisions are nothing more than supposition.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**